NEW YORK COUNTY—HON. GIDEON J. TUCKER, SURROGATE—October,
1863.

## NORTON *v.* LAWRENCE.

*In the Matter of the Probate of the Will of* ABRAHAM R.
LAWRENCE, *deceased.*

On proceedings for probate of a will, a claim of interest positively sworn to
will make the claimant a contestant before the court, and a party to the
proceedings.

The appearance of an interested party in open court, on the return-day,
though not served with citation, entitles him to be heard.

Objections to the probate of a will, on the ground of its want of due execution,
being filed by certain infants claiming to be legitimate grandchildren of
the deceased, it is not necessary to try the question of the interest of the
objectors before proceeding to the question of the due execution.

The issue of interest and the issue of due execution do not constitute separate
and distinct proceedings.

The testator, Abraham R. Lawrence, departed this life on
the 3d day of August, 1863, and on the 13th of the same
month the will was propounded by Andrew Lawrence.

On the return-day of the citation, Chauncey L. Norton appeared and filed objections to the probate of the will, on the ground of undue execution; and alleging that the deceased had during his lifetime a wife; and that there was issue by said wife—to wit, one daughter, the wife of the contestant, now dead; by which marriage there were three children, now infants, and the grandchildren of the deceased.

The proponents sought to compel the contestants to prove their legitimacy, before admitting them to the status of contestants of the will.

JOHN C. VAN LOON, C. K. SMITH, SAMUEL JONES, and BENJAMIN J. BLANKMAN, *for Contestants.*

WILLIAM B. AITKEN, *Special Guardian for Infants.*

JOHN S. LAWRENCE and GILBERT DEAN, *for Proponents.*

THE SURROGATE.—The petitioner in this matter prays for the admission of the will to probate and for the issuance of letters testamentary, and sets forth the names of a number of persons whom he alleges to be the only heirs at law and next of kin of the deceased, averring that the deceased was never married. As is the practice in this court, citation was accordingly issued to the persons so named; and on the return-day objections were filed on behalf of certain infants, claiming to be legitimate grandchildren of the deceased, who deny the legal execution of the paper propounded as a will, and claim to contest its probate.

The proponents now insist that the question of the interest of these infant objectors must be first tried and decided; and that in case of a decision favorable to the objectors, on that issue, they must then be brought before the court, like the other next of kin (by a further citation), before they can be considered as on the status of contestants. In other words, they contend that the issue of interest and the issue of due execution must constitute two separate and distinct proceedings.

The practice in this court has not been thus strict. On the

proceedings for probate of a will, as in proceedings for an account, to compel the giving of security, &c., a claim of interest, positively sworn to, will make the claimant a contestant before this court, and a party to the proceedings; and his appearance in open court on the return-day waives the service of citation.

"When a person appears before the surrogate to oppose the probate of a will, he is bound, if the adverse party disputes his interest, to show his interest, as his right to contest the will." (*Dayton on Surrogates*, 159.) And it is further held, that "if issue be taken on the allegation of interest, the evidence in relation to that question, and that which relates to the proof of the will, should proceed *pari passu.*" And the proceeding is a single one, and is so conducted here.